388 So.2d 1170 (1980)
Alice Chalona, Wife of Michael THIEL
v.
Michael THIEL.
No. 11077.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1980.
*1171 Tucker & Schonekas, Arthur S. Mann, III, New Orleans, for plaintiff-appellee.
Morphy, Faulkner, Simpson & Dimaria, Steven K. Faulkner, Jr., Metairie, for defendant-appellant.
Before SAMUEL, REDMANN and SARTAIN, JJ.
SAMUEL, Judge.
The husband appeals from a judgment awarding his wife permanent alimony of $260 per month for medical expenses.[1]
In this court appellant contends: (1) The wife did not carry her burden of proof; and, alternatively, (2) if such medical treatment is necessary, she has sufficient income and assets to pay her own expenses. As we agree with the first contention, a discussion of the second is unnecessary.
The only evidence in support of the need for extraordinary medical treatment was that of the wife, who testified: She is a school teacher presently on sabbatical leave. Until three or four weeks before the trial of this rule, she was under the care of a psychiatrist whom she saw two times per week at a cost of $60 per session, or $120 per week. The doctor indicated to her she should continue these treatments, talking in terms of years. She felt she needed the treatments in spite of their weekly cost.
On cross examination it was established the doctor knew why she was discontinuing treatment, but did not refer her to any mental health clinics which treat people who cannot afford the cost of a private psychiatrist.
This is the only evidence in the record regarding the continuing need for psychiatric treatment.
Appellee contends her own testimony is sufficient proof in an alimony matter because the jurisprudence does not require her to bring her grocer, clothier or landlord to testify since these are basic necessities, along with necessary medical and drug expenses.
We agree that in an alimony case the need for, and the expense of, food, clothing and shelter ordinarily may be proved by the testimony of the wife alone. But these are ordinary, day by day needs and costs with which the court is familiar and therefore able to determine the reasonableness thereof. We also agree that "maintenance" for purposes of alimony includes medical expenses[2] and that some basic medical expenses, because they are usual and ordinary like basic food, clothing and shelter, may be proved solely by the testimony of the wife.
But the medical expenses in this case do not fall in that "basic" category. Here the existence of the alleged medical condition, together with the need and cost of treatment, are not ordinary or usual. They are unusual to the extent they cannot be proved by the unsupported testimony of the wife alone.
However, because of our jurisprudential rule preventing the wife from making another claim for alimony in the absence of a change in circumstance, we prefer to remand rather than reverse in order to give her the opportunity of offering sufficient proof of her medical condition, need of treatment, and cost thereof.
For the reasons assigned, the judgment appealed from is annulled and set aside and the matter is remanded for further proceedings in accordance with law and with the views expressed in this opinion. All costs are to await a final determination.
ANNULLED, SET ASIDE AND REMANDED.
NOTES
[1] As the wife has neither appealed nor answered the husband's appeal, our only concern is the award for medical expenses.
[2] Bernhardt v. Bernhardt, La., 283 So.2d 226.