SAVOIE, Judge.
Mover-appellant, Charles G. Billiot, asserts the trial court erred in refusing to terminate or reduce its previous award of permanent alimony under L.S.A.-C.C. art. 160 to his former wife. He contends that his former wife is no longer in necessitous circumstances such that permanent alimony is required.
The sole issue before us is whether Delores Marie Boudreaux Billiot has sufficient means for her support.
On June 2, 1981, Charles G. Billiot was granted a divorce and ordered to pay Three hundred fifty-six and no/100 ($356.00) Dollars per month in permanent alimony. A rule to set aside this award or, in the alternative, to reduce the award was filed by Mr. Billiot on April 8, 1982. The basis for such rule was that since the original award of permanent alimony, Mr. Billiot’s income had been reduced and that his former wife now had earnings sufficient to support herself. As such, he contends she is not in necessitous circumstances.
At the trial on the rule’s merits, the record reflects that the former Mrs. Billiot earns a net income of Four hundred forty-three and 16/100 ($443.16) Dollars per month as a waitress[1]; that she owns her own home, furniture, and automobile; and that her daughter and three grandchildren live with her.
The record also reflects that Mr. Billiot has a tentative total disability income of One thousand, two hundred thirty-two and no/100 ($1,232.00) Dollars per month; that he has various loans for medical expenses, an automobile, and back alimony payments; and that Mr. Billiot is permanently disabled.
The trial court, vested with much discretion in fixing alimony, should not be reversed absent a clear abuse of such discretion. Loyacano v. Loyacano, 358 So.2d 304 (La.1978); Oliver v. Oliver, 417 So.2d 1278 (La.App. 1st Cir.1982); and Gautreaux v. Gautreaux, 382 So.2d 996 (La.App. 1st Cir. 1980). In fixing the amount of alimony, the trial court must consider whether the claimant spouse has sufficient means for his/her support. In making such consideration, the trial court must consider the expenses claimed. Expenses for which alimony may be allowed include food, shelter, clothing, reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and the income tax liability caused by alimony. L.S.A.-C.C. art. 160; and Oddo v. Oddo, 416 So.2d 241 (La.App. 1st Cir.1982). Medical expenses for which alimony is allowable have been interpreted to mean the usual ones. Thiel v. Thiel, 388 So.2d 1170 (La.App. 4th Cir.1980). Alimony is not allowed for items such as newspapers, gifts, or miscellaneous expenses. L.S.A.-C.C. art. 160. In asserting such expenses, the claimant spouse has the burden of proving that she or he has insufficient means of support. Silas v. Silas, 399 So.2d 779 (La.App. 3rd Cir.1981), writ denied, 404 So.2d 278 (La. 1981).
In the instant case, the expense list submitted by Delores Marie Boudreaux Bil-liot includes numerous non-allowable expenses as well as excessive amounts for allowable expenses. We find the allowable amount required for the former Mrs. Billi-ot’s support to be Five hundred eighty and no/100 ($580.00) Dollars per month. As noted above, her income is Four hundred forty-three and 16/100 ($443.16) Dollars per month. As such, the record fails to support the trial court’s award of Three hundred fifty-six and no/100 ($356.00) Dollars per month in permanent alimony. Accordingly, we find that a reduction in the award of permanent alimony to One hundred thirty-seven and no/100 ($137.00) Dollars per *383 month will provide sufficient means for her support.
For the above and foregoing reasons, judgment of the trial court is amended and, as amended, is affirmed. Judgment herein is rendered in favor of mover-appellant, Charles G. Billiot, decreeing a reduction in permanent alimony to One hundred thirty-seven and no/100 ($137.00) Dollars per month. All costs are to be borne equally by the parties.
AMENDED AND, AS AMENDED, AFFIRMED.

. We note that the trial court calculated Mrs. Billiot’s net income to be $437.00 per month.