503 So.2d 588 (1987)
Freida Mae Trestman Gottsegen, wife of Warren Lee GOTTSEGEN
v.
Warren Lee GOTTSEGEN.
No. CA-5819.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
Writ Denied April 3, 1987.
Lanny R. Zatzkis, Karen D. McCarthy, Lawrence E. Mack, Fawer & Zatzkis, New Orleans, for plaintiff-appellee, Freida Mae Trestman Gottsegen.
Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, Robert C. Lowe, Edith Henderson Morris, Terence L. Hauver, New Orleans, for defendant-appellant, Warren Lee Gottsegen.
Before GULOTTA, KLEES and LOBRANO, JJ.
KLEES, Judge.
This is an appeal from a judgment ordering Dr. Warren Lee Gottsegen to pay permanent alimony in the amount of three thousand seven hundred fifty ($3,750) dollars per month to his former wife, Freida Mae Trestman Gottsegen.
Dr. and Mrs. Gottsegen were divorced after twenty-one years of marriage on January 17, 1985. Mrs. Gottsegen petitioned the court for permanent alimony in April 1985.
From the award granted at the hearing Dr. Gottsegen appeals claiming that the amount of alimony awarded in this case is excessive. We disagree with his contention and affirm.
Louisiana Civil Code Article 160 states:
A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, *589 out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income.
(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
Dr. Gottsegen strongly argues that the purpose of permanent alimony is to provide only life's basic necessities. He argues that many of the expenses which Mrs. Gottsegen claims do not fall within this category. These include the lease payments on her luxury automobile, her expenses for psychiatric treatment, expenses for pool and yard maintenance, legal and accounting expenses as well as numerous other miscellaneous expenses.
In awarding permanent alimony, it is necessary for the court to examine the "totality of the circumstances indicative of both parties financial condition". La. C.C. Art. 160; Gray v. Gray 451 So.2d 579 (La.App. 2nd Cir.1984), writ denied 457 So.2d 13 (La.1984) (Emphasis supplied). The principal factor to be considered is the relative financial positions of the parties. Lopez v. Breaux 462 So.2d 1333 (La.App. 3rd Cir.1985).
The evidence indicated that Dr. Gottsegen is a successful cardiovascular surgeon who has numerous significant sources of income. He stipulated at the hearing that his personal financial wealth and income were such that he could pay any amount of alimony ordered by the trial court. His former wife is a part-time travel agent and school teacher who earns a net income of $1,120 per month. The overwhelming disparity in the parties' financial condition is obvious.
The lifestyle of the parties during their marriage is also relevant in determining what is necessary for support of the party requesting alimony. In Taylor v. Taylor 473 So.2d 867 (La.App. 4th Cir. 1985), writ denied 477 So.2d 1126 (La. 1985), we stated:
While we do not believe capability for future earnings is a community asset to be partitioned, it is a factor which presumably was considered by the Trial Court in determining entitlement and amount of permanent alimony ... Because of the efforts of Captain and Mrs. Taylor during their marriage, he now enjoys a substantial income. She received the benefits of that income during the marriage, and her lifestyle and needs undoubtedly reflect the earning capacity of Captain Taylor as a pilot. A permanent alimony award based upon his future earnings, her needs, and their previous lifestyle recognizes his future anticipated income as a pilot. Id. at 870-71.
The effort of Mrs. Gottsegen during the years in which her former husband received his medical education and established his practice have contributed directly to Dr. Gottsegen's income and earning capacity and to the lifestyle the parties enjoyed during their marriage. Contrary to Dr. Gottsegen's arguments, we conclude that that lifestyle is relevant here.
Dr. Gottsegen additionally argues that the trial judge erred in granting this alimony because it does not qualify as alimony under the Internal Revenue Code. This is also without merit. Domestic matters are governed solely by state law and Louisiana law does not require alimony to be tax deductible in order to be proper and enforceable.
Dr. Gottsegen next argues that psychiatric expenses are not to be considered as ordinary and basic medical expenses, citing the case of Thiel v. Thiel 388 So.2d 1170 (La.App. 4th Cir.1980). Our interpretation of this case is that in order *590 to be awarded alimony to cover the cost of psychiatric treatment, the party must prove that this is necessary treatment. Mrs. Gottsegen carried this burden of proof. Dr. Olinde, the psychiatrist who had been treating Mrs. Gottsegen for over three years, testified that his patient suffers from a neurosis and proper treatment of this condition should include therapy four times per week. We conclude that these expenses for psychiatric treatment are both reasonable and necessary and were properly considered in determining this alimony award.
Dr. Gottsegen's argument that alimony payments made prior to the partition of the community should be considered an advance on Mrs. Gottsegen's share of the community is also without merit. Mrs. Gottsegen owns a full one half of the property of the former community. The alimony which Dr. Gottsegen has been ordered to pay is his separate debt. It would be absurd to order Mrs. Gottsegen to pay a debt incurred by Dr. Gottsegen subsequent to the dissolution of the community out of her share of the community.
It is well established that the trial court has great discretion in making alimony determinations and its rulings will not be disturbed absent a manifest abuse of discretion. Drummond v. Drummond 462 So.2d 682 (La.App. 4th Cir.1984); Braning v. Braning 449 So.2d 670 (La. App. 4th Cir.1984); Martin v. Martin 457 So.2d 189 (La.App. 2nd Cir.1984). We conclude that the trial court did not abuse its discretion in awarding Mrs. Gottsegen $3,750 per month in alimony.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.