BARRY, Judge,
dissents with reasons.
It is important to note the trial judge stated that he reviewed the jurisprudence and was compelled to “take into consideration the totality of the circumstances of the parties, including the assets, lifestyles and income ... Her husband’s monthly gross income is $3,300 and Mrs. Hartman has sufficient income for the basic necessities of life, but considering the lifestyles, the Court is of the opinion that the rule to ... eliminate alimony is not well founded....” (my emphasis).
The judge’s statement convinces me that he found the requisite change in circumstances and Mrs. Hartman is not entitled to alimony.
Mr. Hartman correctly points out that the trial judge’s consideration of “lifestyles” of the parties is improper when considering alimony after divorce.
Our Supreme Court distinguished alimony pendente lite and post divorce alimony in Ward v. Ward, 339 So.2d 839 (La.1976):
... alimony pendente lite under Article 148 is a judicial enforcement of the husband’s obligation under Louisiana Civil Code Article 120 to support the wife during the marriage, which does not terminate until death or divorce ... if the husband’s ‘means’ are sufficient to maintain the wife in a style comparable to that which she enjoyed prior to the separation, even if she is capable of earning an income and has done so in the past, the wife is entitled to alimony pendente lite ...
Id. at 842.
The Court went on to say:
*1339 Alimony after divorce is quite different from alimony pendente lite. Under Louisiana Civil Code Article 160, alimony after divorce is in the nature of a pension, obtainable by the former wife only when she has not been at fault and when she has not sufficient means for her support. ... This alimony after divorce is not awarded in an amount sufficient to support the former wife in the manner in which she is accustomed to live; rather, it is awarded in an amount sufficient to provide for her maintenance, which includes food, clothing, shelter and other basic necessities....
Id. at 842.
The concept of maintenance, i.e., life’s basic necessities, has expanded to include food, clothing, shelter, medical care, transportation and household expenses, but not gifts, recreation, or the support of adult children residing with the recipient spouse. See Green v. Green, 432 So.2d 959 (La.App. 4th Cir.1983). However, this Court has held that even where the husband’s income is larger than the wife’s, an award of permanent alimony should be based primarily on need. Id. at 961.
The trial judge’s reference to maintaining “lifestyles” may have been based on Gottsegen v. Gottsegen, 503 So.2d 588 (La.App. 4th Cir.1987). Gottsegen’s holding is an aberration in our jurisprudence which resulted from a misreading of Taylor v. Taylor, 473 So.2d 867 (La.App. 4th Cir.1985). Taylor clearly rejects “lifestyles” as an improper application of the law. Id. at 871. Gottsegen relies on Taylor and quotes a part of Taylor (at page 589 of Gottsegen) that discusses lifestyles, but deletes Taylor’s proper conclusion that “lifestyles” is not a consideration for Art. 160 alimony.
On September 21, 1983 Mrs. Hartman testified that she received $550 salary per month from the family corporation. She also received $100 per month rent from the company and $400 per month child support. She claimed monthly expenses of $1,471.86. There was no testimony regarding income from any assets which she was to receive from the community property settlement. The judge awarded $200 per month alimony to Mrs. Hartman and that same day the community property was judicially partitioned.
On October 23, 1987 Mrs. Hartman testified that she received a $860 monthly net salary and $200 monthly rent from the corporation. She also received $90 per month from an investment and occasional bonuses from the company. By virtue of the community property settlement she owns 51% of the family electronics business which grossed over $129,000 in 1986. (Her son holds the other 49%.) Although the corporate tax return shows paper losses, the business is profitable. The corporate tax return shows that it pays for the insurance and upkeep on Mrs. Hartman’s personal automobile, despite her testimony to the contrary. Mrs. Hartman received the family home as part of the community property settlement and she has a $73,000 equity. She took out a $30,000 second mortgage on the home on behalf of the corporation. The corporation pays the mortgage note, but Mrs. Hartman erroneously included that payment on her affidavit of expenses.
Mrs. Hartman also erroneously included credit card and school expenses for her adult daughter. The daughter works and lives in the home, but does not contribute to the expenses. Mrs. Hartman also testified that she no longer has mortgage payments on her automobile and a lot which she received in the property settlement. Her monthly expenses now do not exceed $900.
It is evident that Mrs. Hartman’s monthly income (excluding alimony) exceeds her expenses by more than two hundred dollars. It is probable that had Mrs. Hartman’s expenses actually exceeded her monthly income by hundreds of dollars (as she claims), she would be deeply in debt. Instead, she is able to support herself and her adult daughter.
Mrs. Hartman’s alimony should be terminated.