544 So.2d 111 (1989)
Florence E. DUGAS, Plaintiff-Appellee,
v.
Lawrence F. DUGAS, Defendant-Appellant.
No. 88-202.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
Cole & Guidry, Robert L. Cole, Lafayette, for plaintiff/appellee.
Armentor & Wattigny, Gerard B. Wattigny, New Iberia, for defendant/appellant.
Before GUIDRY, DOUCET and LABORDE, JJ.
GUIDRY, Judge.
This is a community property partition case. On October 19, 1984, the community of acquets and gains existing between Florence E. Dugas and Lawrence F. Dugas was terminated. By judgment dated April 28, 1987, the property belonging to the community was partitioned, except to the extent hereinafter mentioned, with the form and content of the judgment being approved by the parties and their attorneys. By separate agreement signed April 23, 1987 (by Lawrence) and April 28, 1987 (by Florence), the parties accepted the partition judgment and acquiesced in all of its terms waiving any right to appeal therefrom but reserving to the parties the right to contest and litigate, if desired, the accounting to be made by Lawrence for Florence's one-half share of the net profit derived from the 1986 sugar cane crop. There was no appeal from the judgment of April 28, 1987 and same is now final. Relative to the later partition of the 1986 sugar cane crop proceeds, the judgment contained the following provision:
"IT IS FURTHER ORDERED, AJUDGED AND DECREED that plaintiff, FLORENCE E. DUGAS, is entitled to *112 ONE-HALF (½) of the 1986 sugarcane [sic] crop, after deducting farm expenses for the 1986 crop year. If the parties cannot agree on the amount due plaintiff, the Court will do so in a response to a Rule filed by either party." (Emphasis ours)
On July 17, 1987, Florence filed a rule to partition the proceeds from the 1986 sugar cane crop. The trial judge, in written reasons for judgment, determined the gross income from the 1986 sugar cane crop, received as of the date of judgment, to be the sum of $479,842.52 with total farm expenses of $341,731.72.[1] The trial judge calculated the net profits to be $138,711.40, with one-half thereof ($69,355.70) plus onehalf of the equity payment to be later paid by the Cajun Sugar Co-op of New Iberia, Louisiana, to be due Florence. Judgment was rendered accordingly.
Defendant, Lawrence F. Dugas, appealed suspensively urging trial court error in the following particulars:
1. The trial judge erred when he charged Lawrence Dugas' separate estate for the 1986 alimony paid by him to Florence Dugas instead of construing it as an advance on her community share of the 1986 sugar cane crop.
2. The trial judge erred when he recognized a salary for Lawrence Dugas for producing and harvesting the 1986 sugar cane crop of only $24,000.00 instead of $48,000.00 or, in the alternative, for $39,859.00, the amount of Lawrence's draw for personal living expenses during 1986.
3. The trial judge erred when he awarded Lawrence Dugas $20,762.87 instead of $26,428.00 as a farm expense, for the use of his separate stubble sugar cane on the leased farmland which was used to produce the 1986 sugar cane crop.
Plaintiff-appellee answered the appeal urging error in the trial court's allowance of any sum for the use of appellant's stubble cane and in allowing him any sum in compensation for the time and effort expended in producing and harvesting the 1986 sugar cane crop.

ALIMONY PAID TO FLORENCE
Appellant argues that he is entitled to charge as an expense against the 1986 gross farm income the amount paid by him to Florence as alimony after divorce during the year 1986, i.e., the sum of $24,000.00. We disagree and affirm the trial court's ruling for the following reasons.
The community of acquets and gains existing between the parties was terminated effective October 19, 1984. See La.C.C. art. 155. In the later judgment of divorce dated March 5, 1986, Lawrence was ordered to pay post-divorce alimony to Florence in the amount of $2,000.00 monthly, "until such time as the community property is partitioned". This alimentary obligation is clearly Lawrence's separate debt and no part of that debt can be ordered paid out of funds belonging to Florence. As stated in Gottsegen v. Gottsegen, 503 So.2d 588 (La. App. 4th Cir.1987), writ denied, 503 So.2d 1019 (La.1987):
"Dr. Gottsegen's argument that alimony payments made prior to the partition of the community should be considered an advance on Mrs. Gottsegen's share of the community is also without merit. Mrs. Gottsegen owns a full one half of the property of the former community. The alimony which Dr. Gottsegen has been ordered to pay is his separate debt. It would be absurd to order Mrs. Gottsegen to pay a debt incurred by Dr. Gottsegen subsequent to the dissolution of the community out of her share of the community."
An additional reason for denial of Lawrence's contention is the fact that the judgment of April 28, 1987, decrees Florence's entitlement to one-half of the 1986 sugar cane crop, after deducting farm expenses. The alimentary obligation which appellant seeks to avoid is clearly not a farm expense.

1986 SALARY/DRAW ALLOWED LAWRENCE
The trial court allowed, as a legitimate farm expense against the 1986 gross *113 farm income, the sum of $24,000.00 for the time and effort expended by Lawrence in producing and harvesting the 1986 sugar cane crop. Lawrence argues that the sum allowed should be increased to $48,000.00 or, in the alternative, to the sum of $39,859.00, the amount he actually drew from the farm account for his actual living expenses during the year 1986. In answer to the appeal, Florence questions the allowance by the trial court of any sum in compensation for the work performed by Lawrence.
In his written reasons for judgment, the trial judge concluded as follows regarding this issue:
"Under item V C, Mr. Dugas claims a salary. Mr. Dugas managed the entire farm operation. Mrs. Dugas took no part in it. Justice requires that Mr. Dugas be compensated for the time and effort which he put into producing the 1986 crop. The Third Circuit Court of Appeal in Queenan v. Queenan 492 So2d 902 ([La.App.] 3 Cir.1986) allowed a husband an annual salary of $30,000.00 for operating and [sic] equipment rental business. The Court will allow Mr. Dugas a salary of $24,000.00 for the production of the 1986 crop."
We agree with the trial court's conclusion and affirm. Lawrence's separate labor and industry clearly contributed to the successful production and harvesting of the 1986 sugar cane crop. He is entitled to reasonable compensation for his efforts and such compensation is certainly a farm expense chargeable against gross farm income. The trial court concluded that the sum of $24,000.00 represented reasonable compensation. Our review of the record discloses no clear abuse of discretion in this award.

ALLOWANCE FOR USE OF LARENCE'S STUBBLE CANE
Lawrence received the stubble cane situated on leased properties in the earlier partition at a total cost to him of $79,284.77. This stubble cane, which became Lawrence's separate property, was second year stubble in the year 1986. It was harvested in making the 1986 sugar cane crop. The trial court allowed as farm expense, the value of this stubble which was fixed at the sum of $20,762.87. In making this allocation, the trial court reasoned as follows:
"Under item V E, Mr. Dugas is claiming the value of his stubble cane which was used on leased land to produce the 1986 crop. This was the 1984 plant cane which Mr. Dugas received in the partition. In 1986 it was second year stubble. This was Mr. Dugas' separate property; therefore, it's [sic] value should be deducted as a farm expense. There was 277 acres of plant cane in 1984, which gives us 277 acres of second year stubble in 1986. In the compromise judgment the stubble was valued at 66% of the value assessed in the Reasons for Judgment. Thus, the 277 acres of second year stubble' used by Mr. Dugas was worth $20,762.87 (ie. 277 ac. × $133.00/ac. × .66)."
Lawrence urges that the trial court erred in the amount allowed since the total value of the stubble cane allotted to him in the earlier partition was $79,284.77 and since stubble cane is productive for three years, he is entitled to one-third of $79,284.77 or the sum of $26,428.00. In her answer to the appeal, Florence urges that the trial court erred in allowing any amount for stubble cane as a farm expense. In brief to this court, she asserts that the value of the stubble cane harvested is offset by the farm expenses in 1986 (one-half of which is charged to her) for planting of seed cane in August and September of 1986 from which she will derive no benefit, i.e., "In 1987 and 1988, Mr. Dugas will be harvesting, as his separate income, the first (1st) and second (2nd) year stubble that Mrs. Stubble [sic] paid to plant, spray, fertilize, etc.".
We consider the contentions of the parties in reverse order. Florence's contention is not supported by the record and is presumably an after thought urged for the first time by brief on appeal. At trial, she made no objection to any of the farm expenses submitted by Lawrence as being excessive or disallowable because such expenses *114 were for the planting of seed cane in August and September of 1986 from which she would derive no benefit. Consequently, since this contention was not urged at the trial level and there is no evidence in the record in support thereof, it is not properly preserved for review on appeal. Furthermore, there is no itemization in the record as to the farm expenses, if any, i.e., labor, chemicals, fertilizer, fuel, loans, etc., incurred for planting the seed cane in August and/or September of 1986. Without such itemization, any allocation or disallowance of farm expenses used for the planting of seed cane would be pure speculation. For these reasons, we find no merit in this contention.
We likewise reject Lawrence's contention that the trial court's evaluation of the stubble cane harvested in 1986 is inadequate. In the earlier partition, the plant cane, first year stubble, and second year stubble were separately valued. The then second year stubble was valued at .66 × $133.00 per acre. The only stubble cane remaining on leased property in the year 1986 was the 277 acres of plant cane in 1984. However, in 1986, it was then second year stubble and thus was correctly valued by the trial court. In sum, we agree with the trial court that the 277 acres of stubble cane harvested in 1986 was Mr. Dugas' separate property and its value should be deducted as a legitimate farm expense.
We amend the trial court's judgment to correct the mathematical error alluded to in our footnote on page 2 hereof and accordingly, order and decree that there be judgment in favor of Florence Estilette Dugas and against Lawrence F. Dugas in the sum of Sixty-Nine Thousand Five Hundred Thirty-One and 60/100 ($69,531.60) Dollars. In all other respects, the judgment appealed from is affirmed. Appellant is cast with all costs of this appeal.
AFFIRMED AS AMENDED.
NOTES
[1] In written reasons for judgment and in the trial court judgment, there is an error in addition. The total amount of farm expenses amounts to $340,779.32 not $341,731.72.