576 So.2d 1121 (1991)
Barbara Cohn SLAYTER, Plaintiff-Appellee,
v.
Aaron L. SLAYTER, Sr., Defendant-Appellant.
No. 89-939.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
Guy E. Humphries, Jr., Alexandria, for plaintiff/appellee.
Wm. M. Ford, Alexandria, for defendant/appellant.
Before DOMENGEAUX, C.J., and GUIDRY and DOUCET, JJ.
GUIDRY, Judge.
Plaintiff-in-rule (hereafter plaintiff), Aaron L. Slayter, Sr., appeals a judgment of the trial court denying his motion to terminate or, alternatively, reduce the alimony award to his former wife, Barbara Cohn Slayter (hereafter defendant).
*1122 The Slayters were married March 3, 1967 in Rapides Parish, Louisiana, and thereafter established their matrimonial domicile in Grant Parish. Two children were born of the marriage: Michelle Slayter on December 30, 1970 and Aaron Slayter, Jr. on September 8, 1972. The parties were divorced by judgment dated April 21, 1986. The judgment contained the following provision: "... either party reserves the right and shall be entitled to petition the court to establish or change the amount of permanent alimony due, if any, without the necessity of proving a change of circumstances". Thereafter, on August 11, 1986, the parties agreed to the issuance of an order whereby Mrs. Slayter was to receive $1,500.00 per month in permanent alimony and plaintiff was to pay $413.00 per month per child in support payments. This judgment concluded "... this judgment superceding all prior judgments and agreements for payments, services, support and alimony". The order of August 11, 1986, was reaffirmed in a judgment rendered January 18, 1988.
On November 7, 1988, plaintiff filed the instant rule to terminate or reduce alimony. In his motion, plaintiff alleged both a change of circumstances on the part of Barbara Slayter and that there was no need for him to show a change in circumstances. The trial court, after a hearing in the matter, refused to disturb the award. We affirm.
La. C.C. art. 160 provides in pertinent part:
"(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse's earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
(4) Permanent periodic alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries or enters into open concubinage."
The main thrust of plaintiff's argument, to the trial court and to this court on appeal, is that (1) Mrs. Slayter is employable and has not sought employment in the two and one-half years since their divorce; and, (2) Mrs. Slayter has substantial unencumbered assets.
In the partition of community assets, Mrs. Slayter received the family home and furnishings, a car, furs and jewelry worth between $20,000.00 and $30,000.00, some insurance policies and about $7,000.00 in a certificate of deposit. The home, furnishings, furs, jewelry and car were all unencumbered. Since the divorce, Mrs. Slayter has cashed in the insurance policies and used the proceeds from those policies plus approximately $3,000.00 from the C.D. to supplement the alimony and child support payments made to her and her two minor children. Mrs. Slayter further testified that she had to borrow approximately $6,000.00 from her father to pay attorney's fees and other expenses. Appellee claims over $3,500.00 per month in expenses[1] and a total monthly income for herself and her children of $2,580.00 ($1,500.00 alimony; $826.00 child support and $254.40 per month her daughter makes at a part-time job).
The record reflects that plaintiff is the president and owner of a successful waste paper business, LATEXCO, International. He testified that he draws a salary of *1123 $245,000.00 per year from the business and has an unlimited business expense account.
Mrs. Slayter has had employment experience with two finance companies, a bank and in her husband's business. However, she testified that she has not worked for approximately six years. She is a high school graduate and has had about two years of college credit. She returned to college after her divorce but had to quit when Slayter refused to continue payment of her tuition. She stated that she is approximately two academic years away from a degree in education.
At the trial of the rule, Aaron Slayter produced two expert witnesses who testified regarding the employability of defendant. Both experts agreed that defendant was employable at approximately $10,000.00 per year, however, neither could point to any specific job available to defendant in the area.
In affirming the judgment of the trial court, we have considered the factors listed in Article 160, supra. We do not focus on any one factor, but rather consider the totality of the circumstances in light of such factors. See Gottsegen v. Gottsegen, 503 So.2d 588 (La.App. 4th Cir.1987), writ denied, 503 So.2d 1019 (La.1987). We considered the assets acquired by defendant in the community property settlement and their liquidity; her financial obligations and her present and future potential earning capacity; the effect of the custody of her children on both her income and earning capacity; the time necessary for her to complete her education; her age and health; the effect of her mother's illness and death on her emotional state; the lifestyle which the parties enjoyed during their marriage; and, the great disparity in the financial condition of the parties.
Under all circumstances, we can discern no clear error or abuse of discretion in the trial court's refusal to terminate or reduce the alimony award of defendant at this time. See Gottsegen, supra, and Cressend v. Cressend, 514 So.2d 225 (La.App. 5th Cir.1987).
Defendant testified that her present desire is to improve her marketable skills by returning to school and eventually return to the job market. In our view, the trial court did not err when it, in effect, allowed defendant additional time to accomplish this result. However, as noted by Justice Lemmon in his concurrence in Hegre v. Hegre, 483 So.2d 920 (La.1986):
"... In any event, the passage of a substantial period of time in which the claimant spouse does not utilize present earning capacity constitutes a change in circumstances to be considered in any future rule to decrease or terminate alimony."
For the reasons stated, we affirm the judgment of the trial court. Appellant is cast for all costs of this appeal.
AFFIRMED.
NOTES
[1] We note that the affidavit of expenses, which was admitted in evidence at the hearing, included some expenses which are not within the scope of Article 160.