| THIBODEAUX, Judge.
The sole issue involved in this appeal is whether the trial court erred in reducing, rather than terminating, an award of permanent alimony assessed against appellant, Charles L. Coco, III. For the reasons which follow, we affirm the trial court’s judgment to reduce appellant’s permanent alimony obligation from $300.00 to $100.00 per month.

FACTS

^Charles and Laura Coco wed in 1961 and, in the course of their twenty-one year union, had three children. At the close of their 1982 divorce proceeding, the court awarded Laura Coco custody of her two minor children (the couple’s first child attained majority before 1982) and ordered Charles to pay $300.00 per month in child support along with $300.00 per month in permanent alimony. By 1988, the third Coco child attained majority and Charles was relieved of all child support obligations.
Since 1982, Mrs. Coco has worked as an administrative assistant and dispatcher with the Service Air & Electric company where she currently earns $4.85 an hour. Charles is an Entex manager earning $38,500.00 annually. Both Laura and Charles Coco are 53 years old.
On June 9, 1995, Charles filed a Rule for Termination and/or Decrease of Permanent Alimony and, after hearing the merits, the trial judge reduced his permanent alimony payments to $100.00 per month. Charles files this appeal maintaining that the trial court erred in: (1) awarding any amount of periodic permanent alimony; (2) awarding medical expenses as permanent alimony; and, (3) failing to consider evidence suggesting that Laura E. Coco was underemployed.
The record reflects that in the partition of community assets Laura Coco obtained the family’s three bedroom, two bath home unencumbered.[1] Mrs. Coco and her sister share naked ownership in a $15,000.00 house over which their mother has an Article 890 legal usufruct. Likewise, appellee and her sister share a $15,000.00 savings account which, in *356 1994, bore $665.00 in interest income. Ap-pellee also |3maintained an $11,000.00 balance in her checking account but, on the eve of trial, she withdrew $7,000.00 to purportedly repay an undocumented loan given to her in 1990 by Leonard Guillory, appellee’s boyfriend.
At trial, appellee revealed that she has been diagnosed with fibrocystic disease (i.e. non-malignant breast lumps) and must travel twice annually to Baton Rouge for regular examinations which today costs $250.00 each visit. Moreover, Mrs. Coco spends approximately $20.00 each month filling prescriptions related to the disease. She also incurs miscellaneous medical expenses which, when combined with her examination and medication expenses, amount to $100.00 per month. The medication, examination and miscellaneous medical expenses are not covered by appellee’s insurance. Her fibrocystic condition is permanent.

LAW & DISCUSSION

Because of the manner in which the trial judge disposed of this case, appellant’s first and second error assignments are fundamentally identical; thus, we will merge our assessment of each. Mr. Coco first contends that the trial court erred in granting any alimony award since the evidence clearly demonstrated that Mrs. Coco had sufficient means for her support.
In pertinent part, La.Civ.Code art. 112 provides that:
(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse’s earning capacity;
UCe) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
(4) Permanent periodic alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries or enters into open concubinage. (Emphasis ours).
Pursuant to Article 112(2)(a), a spouse may be awarded alimony only if he or she proves that he or she does not have sufficient means of support. Moreau v. Moreau, 553 So.2d 1064, 1065 (La.App. 3 Cir.1989). In its reasons for judgment, the trial court noted that: *357 |BMr. Coco insists that the trial judge erred in considering medical expenses when fixing Mrs. Coco’s alimony award. This assignment is meritless because La.Civ.Code art. 112(2)(f) specifically instructs the trial court to consider the health of the parties in determining the entitlement and amount of alimony after divorce. Moreover, this court has continually stated that “maintenance” or “support” encompasses medical and drug expenses. Widman v. Widman, 93-613 (La.App. 3 Cir. 2/2/94), 631 So.2d 689. The trial court’s permanent alimony ruling will not be disturbed on appeal absent a clear showing of manifest error. Finding no such error, we affirm this portion of the judgment.
*356 Of course it starts off in subsection A, when a spouse has not sufficient means for support. That’s the threshold issue and I really have difficulty with that threshold issue, particularly in view of the savings .... I have a very difficult problem about concluding that she doesn’t have sufficient means for support. Certainly, I could not find fault with her trying to make plans in ease she has further difficulty with this medical condition. I have serious doubts as to what the proper way to handle this would be. And I’m going to do what I think is fair under the circumstances. ... I’m going to conclude that she has not sufficient means for support based upon this medical condition only — that’s what I’m going to base it upon. What I’m going to do, although the law doesn’t require a breakdown of dollars and cents, the uninsured medical expenses which she has indicated, I’m going to accept her word for that as $100 per month. I’m going to terminate $200 of the $300 and reduce it to $100 per month and I’m going to base that upon the uninsured medical expenses for the time being. (Emphasis ours).[2]
*357 The thrust of appellant’s third argument, to the trial court and to this court on appeal, is that Laura Coco has been underemployed since 1982 and has substantial unencumbered assets. At trial, Mrs. Coco testified that she is comfortable with her job as she has been doing it for 13 years and that her job provides her with some measure of financial security. Further, appellee stated that she was now too old to pursue educational training.
Appellant retorts that Laura Coco was 40 years old in 1982 when the divorce proceedings concluded, and asserts that Mrs. Coco could have obtained a higher education and a higher wage job. ' However, we recognize that the last Coco child left home in 1988 when Mrs. Coco was 46 years old. La.Civ. Code art. 112(2)(d). Furthermore, Mrs. Coco’s potential for finding alternative employment is somewhat restricted due to her age and medical condition insofar as these factors relate to her insurability. Appellant produced no evidence of specific higher wage jobs available to appellee in the area. See Slayter v. Slayter, 576 So.2d 1121 (La.App. 3 Cir.1991). The trial court found appellant’s argument unconvincing and so do we.

CONCLUSION

| BIn affirming the lower court’s judgment, we have considered the Article 112 factors in light of all the other circumstances and we can discern no clear error or abuse of discretion in the trial court’s refusal to terminate appellant’s alimony obligation at this time. For the reasons stated, we affirm the trial court’s judgment. Charles L. Coco, III is cast for all costs of this appeal.
AFFIRMED.

. Neither party produced evidence sufficient to prove Ae family home's market value.

. This court recognizes that the threshold inquiry in any change of alimony case is whether the plaintiff-in-rule has proved a change in circumstances of either party from the time of the *357 award to the time of the alimony rule. Mitchell v. Mitchell, 626 So.2d 571, 572 (La.App. 3 Cir. 1993).