NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1573

EUGENE JOHN TERRY

VERSUS

WILMA JANE TERRY, BORN JONES

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-461-04
HONORABLE CRAIG GUNNELL, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Shannon J. Gremillion, Judges.

AFFIRMED.

M. Keith Prudhomme
Mudd & Bruchhaus, L.L.C.
410 E. College Street
Lake Charles, LA 70605
(337) 562-2327
Counsel for Plaintiff/Appellee:
    Eugene John Terry

Anne E. Watson
Dupre & Watson, L.L.C.
232 N. Liberty Street
Opelousas, LA 70570
(337) 942-9790
Counsel for Defendant/Appellant:
    Wilma Jane Terry, Born Jones

**DECUIR, Judge.**

Wilma Jones Terry (hereinafter "Jones") appeals a judgment denying her request for final periodic spousal support. For the following reasons, we affirm.

Jones married Eugene John Terry in 1987. No children were born of the marriage. The parties separated seventeen years later and divorced in 2005. Shortly after the divorce, Jones lost her job with Southside Development Corporation, a nonprofit organization founded by her husband where she worked first as an administrative assistant and then later as CEO. In the last year of her employment there, she earned an annual salary of $84,000.00. Subsequent to losing her job with Southside, Jones petitioned the court for periodic spousal support. The trial court denied Jones' petition, holding that she failed to prove freedom from fault in the dissolution of the marriage. This court reversed on the issue of fault and remanded for a determination of Jones' need for support and Terry's ability to pay. *See Terry v. Terry,* 06-1406 (La.App. 3 Cir. 3/28/07), 954 So.2d 790, *writ not considered*, 07-928 (La. 6/22/07), 959 So.2d 486.

On remand, the trial court again ruled against Jones, finding her to be voluntarily underemployed. The court held "JONES has the abilities, training, education, and experience that would permit her to obtain a job in which she could earn a salary of what her skills accurately reflect. While JONES may not be able to earn a salary of $84,000.00 per year, she has the capacity and ability to earn more than her current job affords her which would meet her basic needs." In this appeal, Jones contends the trial court erred in considering the issue of underemployment, as that question was decided in the first trial prior to remand by the appellate court. She further argues that the determination that she is underemployed is erroneous.

At the time of trial, Terry was 52 years old and had worked for Entergy as a service man for nearly thirty years. In some years he earned as much as $100,000.00, depending on overtime and other factors. Terry testified that he has a girlfriend whose father he supports and acknowledged that he has provided no support to Jones since the time of their separation.

Jones was 57 years old at the time of the second trial. She has five years of college education but never obtained a degree. She served in the United States Air Force, worked for the Department of Agriculture, and then worked for Southside Development Corporation. Jones described Southside as a nonprofit community development and social services agency. Once she lost her job with Southside, Jones applied for and received six months of unemployment benefits and filed for bankruptcy in July of 2005. She testified that she applied for numerous positions between Lafayette and Lake Charles, finally finding work in March of 2007 with the Calcasieu Parish School Board at $9.00 per hour. Although she still had the job at the time of trial, Jones testified that she was unable to work and received no pay for a two month period in 2007 because of medical problems.

The evidence in the record showed Jones' monthly net income to be $1,137.78 and her monthly living expenses to be $2,218.04. With five years of college education, she has good credentials. She has varied, well-paying work experience. She lives in Jennings in a house belonging to her mother, although she testified that she pays the mortgage note. During the time of her unemployment, Jones declared bankruptcy and borrowed nearly $100,000.00 from friends for living expenses, medical bills, charges for her father's funeral, and other costs. One friend, who testified at trial that he has loaned Jones over $60,000.00, lives with his family in a

2

mobile home on Jones' mother's property rent free, although he pays the water bill for the property and maintains the yard.

Louisiana Civil Code Article 112(A) provides that for a spouse to receive permanent alimony, he or she must lack sufficient means for support and not be at fault. "Unlike alimony pendente lite, permanent alimony is not meant to support a divorced spouse in the manner to which he or she was accustomed while married. Post-divorce alimony is in the nature of a pension meant to cover the basic necessities of life. *Preis v. Preis*, 631 So.2d 1349, 1353 (La.App. 3d Cir.1994)." *January v. January,* 94-882, p. 5 (La.App. 3 Cir. 2/1/95), 649 So.2d 1133, 1137. For Jones to be awarded permanent alimony in this case, her means must be inadequate to provide basic support.

In determining an award of support, the court must consider all relevant factors. "Difficulty in finding employment suitable for the spouse's age, training, and ability is a proper consideration in determining whether a claimant is voluntarily underemployed." *Patton v. Patton*, 37,401, p. 4 (La.App. 2 Cir. 9/24/03), 856 So.2d 56, 60. The trial court's ruling on a request for periodic spousal support will not be disturbed on appeal absent a clear showing of manifest error. *Coco v. Coco*, 95-1106 (La.App. 3 Cir. 1/31/96), 670 So.2d 354, *writ denied*, 96-531 (La. 4/8/96), 671 So.2d 341.

The trial court in the instant case was apparently swayed by Jones' "extravagant lifestyle" prior to her divorce and her lengthy period of unemployment. She lived on borrowed funds, yet allowed friends to live rent free on her mother's property. She paid her parents' mortgage note and phone bill and let her mother use an extra car she had for which Jones paid the monthly note of $600.00 until she

3

declared bankruptcy. She had two cell phone lines. While Jones testified as to the numerous job applications she made, she stated that she would prefer to finish college in the hopes of getting a better paying job.

Jones is earning far less than she did at Southside Development. The trial court considered many factors including her age, community, and lack of a college degree in the denial of spousal support in this case. The record is clear that Terry has the ability to pay support to his former wife. We also find the record clearly shows Jones has the experience, education, and credentials to support herself. We find no manifest error in the trial court's factual finding that Jones has sufficient means to provide for her own basic needs.

For the above and foregoing reasons, the judgment of the trial court is affirmed Costs of this appeal are assessed to Wilma Jones Terry.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.