619 So.2d 632 (1993)
Janet Nancy Ducuing WIDMAN, Plaintiff-Appellee,
v.
Francis Gerald WIDMAN, Defendant-Appellant.
No. 92-930.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1993.
Rehearing Denied June 25, 1993.
*633 James Nathan Prather Jr., Lafayette, for Janet N.D. Widman.
Helen Scott Johnson, Lafayette, for Francis G. Widman.
Before LABORDE, THIBODEAUX and SAUNDERS, JJ.
SAUNDERS, Judge.
This is an appeal by defendant-appellant, Francis Gerald Widman, from the trial court's judgment in favor of Janet Widman, plaintiff-appellee, in the amount of $1,000.00 per month in alimony pendente lite and $1,829.79 in child support for the support of three (3) minor children.

FACTS
During their marriage, the Widmans formed a corporation, Measurement Electronics, Inc., (hereinafter MEI). Prior to their separation, Janet performed bookkeeping services for the corporation and Francis conducted the business affairs of the corporation. The corporation's business was to provide electronic measuring equipment for other businesses.
A petition for divorce was filed under LSA-C.C. art. 102 on October 29, 1991. Incident to this petition, Janet requested alimony pendente lite, child support and custody of the three (3) remaining minor children of the marriage. After hearing, the district court rendered judgment ordering Francis to pay child support in the monthly amount of $1,829.79 and further requiring him to pay alimony pendente lite in the monthly amount of $1,000.00. Defendant-appellant contends that the trial *634 court erred in the amount of child support and alimony awarded.

DISCUSSION
Defendant-appellant, Francis Gerald Widman, by his first assignment of error, contends that the trial court erred in including health insurance premiums of $255.00 per month, for his personal health insurance, in determining his monthly gross income. Mr. Widman is a salaried employee of MEI and neither party disputes that MEI, as Mr. Widman's employer, pays for health insurance for both Janet and Francis Widman and the three remaining minor children of the marriage. The trial court found, from the evidence, that $255.00 per month of this premium was attributable to Mr. Widman's health insurance and $287.00 was attributable to Mrs. Widman and the children. The trial court included the $255.00 for Mr. Widman's personal health insurance into his monthly income. Additionally, the trial court included $287.00 per month into the computation of the combined support obligation under Section 4(B) of the Child Support Obligation Worksheet.
We find that the trial court, in including health insurance premiums paid on behalf of Francis by his employer, into his monthly adjusted gross income, for the purpose of determining his child support obligation, is in error.
LSA-R.S. 9:315(4) defining "gross income," states as follows:
(4) "Gross income" means:
(a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits, worker's compensation benefits, unemployment insurance benefits, disability insurance benefits, and spousal support received from a preexisting spousal support obligation;
(b) Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business, if the reimbursements or payments are significant and reduce the parent's personal living expenses. Such payments include but are not limited to a company car, free housing, or reimbursed meals; and
(c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, rent, royalties, proprietorship of a business, or joint ownership or a partnership or closely held corporation. "Ordinary and necessary expenses" shall not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses or investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support;
(d) As used herein "gross income" does not include child support received, or benefits received from public assistance programs, including aid to families with dependent children, supplemental security income, food stamps, and general assistance, or per diem allowances which are not subject to federal income taxation under the provisions of the Internal Revenue Code.
In LSA-R.S. 9:315(6)(a) "income" is defined as follows:
(6) "Income" means:
(a) Actual gross income of a party, if the party is employed to full capacity;
Under these definitions, we find that the trial court erred in including health insurance premiums paid by Francis' employer in his actual gross income for purposes of child support. We do note that, although gross income would include social security benefits, worker's compensation benefits, unemployment insurance benefits, and disability insurance benefits, gross income does not include premiums paid by the employer for said benefits, such as the employer portion of social security taxes, worker's compensation insurance premiums, unemployment insurance premiums, or any other benefits in the form of premiums paid on behalf of an employee by an employer.
*635 Likewise, we find the trial court erred in adding the $287.00 premium, paid by MEI for the benefit of Mrs. Widman and the three (3) minor children, into the worksheet for calculation of the total child support obligation set forth at LSA-R.S. 9:315.15.
LSA-R.S. 9:315.4 regarding health insurance premiums, states as follows:
The cost of health insurance premiums incurred on behalf of the child shall be added to the basic child support obligation.
The health insurance premiums which shall be added to the basic child support obligation are defined at LSA-R.S. 9:315(5):
(5) "Health insurance premiums" means the actual amount paid by a party for providing health insurance on behalf of the child. It does not include any amount paid by an employer or any amounts paid for coverage of any other persons. If more than one dependent is covered by health insurance which is paid through a lump-sum dependent-coverage premium, and not all of such dependents are the subject of the guidelines calculation, the cost of the coverage shall be prorated among the dependents covered before being applied to the guidelines.
See also Norred v. Norred, 591 So.2d 396 (La.App. 2d Cir.1991), writ denied, 592 So.2d 1319 (La.1992); Timmons v. Timmons, 605 So.2d 1162 (La.App. 2d Cir.), writ denied, 608 So.2d 195 (La.1992).
It is clear, from the above, that the health insurance premiums which shall be added to the basic child support obligation, on the statutory worksheet, do not include any amount paid by an employer or any amount paid for coverage of any other persons. In this case, the health insurance premiums are paid by Francis Widman's employer and should not be included in the calculation of the basic child support obligation.
By his second assignment of error, Francis Widman contends that the district court erred in the computation of his monthly gross income. The trial court estimated Mr. Widman's income as $45,000.00 per year. This included $24,000.00 in salary, plus an additional $11,380.00 annually which the trial court added to Mr. Widman's total income at the rate of $865.00 per month, based upon $150.00 for his use of business utilities, $60.00 for phone use, $400.00 for use of business automobiles, and $255.00 for employer paid health insurance premiums. The trial court's judgment itemized $24,000.00, plus $11,380.00 as totaling $35,380.00 in income to Mr. Widman in 1991. Nevertheless, the trial court estimated that Mr. Widman's income was in excess of $45,000.00 per year.
Although the record is silent as to how the trial court determined this income level, it appears that the court failed to give Mr. Widman credit for expenses and payments due against his rental income. LSA-R.S. 9:315(4)(c) states that gross income means:
(c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, rent, royalties, proprietorship of a business, or joint ownership or a partnership or closely held corporation. "Ordinary and necessary expenses" shall not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses or investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support.
The record reveals that the parties own the property upon which the MEI office sits and rent this property to MEI for $1,000.00 per month. The parties also own a rent house which produces income of $225.00 per month. It appears that the parties have agreed that Mr. Widman will receive the $1,000.00 income from the MEI office rental, while the rent from the house appears in Mrs. Widman's income statement as $125.00 in income. Mrs. Widman's claims a deduction of $100.00 per month or approximately 44% of the $225.00 per month rental value, for upkeep expenses on this rental property. The $1,000.00 income produced from the office rental is subject to a $500.00 per month credit for a monthly note due on the land and, additionally, subject *636 to a credit for any upkeep expenses. Using the 44% figure for upkeep on Mr. Widman's rental income, as Mrs. Widman did on her rental income of $225.00, would allow Mr. Widman a $440.00 credit against the $1,000.00 per month rental income. After a deduction for the note of $500.00 and a deduction for $440.00 in upkeep expenses, the remaining actual rental income which Mr. Widman receives is $60.00 per month.
LSA-R.S. 9:315(4)(c), set forth above, shows clearly that any amount received for rental property shall not be included in gross income until after the ordinary and necessary expenses required to produce said income have been deducted. As such, we find the trial court erred in raising its estimation of Mr. Widman's 1991 gross income from $35,000.00 to $45,000.00.
Likewise, we find that the trial court erred in including $400.00 per month in Mr. Widman's gross income for his use of the business vans and automobile. This amount was determined by Mrs. Widman as MEI's bookkeeper, without further evidence presented. Mr. Widman testified that he is reimbursed at $.55 per mile for leasing the use of his personal vehicles to the corporation. He testified and offered invoices to show that the reimbursement checks are just that, reimbursement for expenses actually paid by him personally for upkeep and gasoline of the four leased business vehicles. Again, this expense falls under LSA-R.S. 9:315(4)(c), set forth above, wherein Mr. Widman is entitled to a credit from his reimbursement checks for the ordinary and necessary expenses required to maintain the leased vehicles in satisfactory condition. We find that the trial court, in including $400.00 in Mr. Widman's gross monthly income for automobile use, erred in including this as income without an accompanying credit for expense.
Finally, Mrs. Widman asserted that because Mr. Widman was living in the office, he was receiving free phone and utility usage in the amount of $150.00 for electricity and $60.00 for phone use. The trial court apparently accepted Mrs. Widman's estimates, although there was no evidence presented as to any increase in MEI's corporate expense.
LSA-R.S. 9:315(4)(b) states as follows:
(b) Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business, if the reimbursements or payments are significant and reduce the parent's personal living expenses. Such payments include but are not limited to a company car, free housing, or reimbursed meals....
First, we note that Mr. Widman is living in the office, which the parties jointly own, not from choice but because he has no income to live anywhere else. Mr. Widman testified that he has no personal long distance calls, which testimony was undisputed. Therefore, there is no increase in MEI's phone expenses due to his evening use of the phone.
Based upon LSA-R.S. 9:315(4)(b), which sets forth the correct determination of expense reimbursement or in-kind payments, said payments are only considered as part of gross income if the reimbursement or payments are significant and reduce the parent's personal living expenses. In light of this statute and in light of LSA-R.S. 9:315(6)(a) which defines "income" as the actual gross income of a party, we find the trial court erred in including $400.00 in Mr. Widman's income for automobile use, as discussed above, and $60.00 for use of the phone. We find that neither of these reimbursements or in-kind payments result in actual gross income to Mr. Widman. Conversely, we find no error in the trial court's inclusion of $150.00 for electric usage in Mr. Widman's gross income, insofar as this amount represents a significant reduction of Mr. Widman's personal living expenses.
In recomputing Mr. Widman's monthly income beginning with the trial court's estimation of $3,750.00 per month, less a reduction for those amounts improperly included as gross income[1], we find that Mr. *637 Widman's actual gross income is a more realistic $2,245.00 per month.
Appellee contends that the appellant is in complete control of what salary he will draw and that under Moncus v. Moncus, 510 So.2d 1271 (La.App. 3d Cir.), writ denied, 514 So.2d 462 (La.1987), Mr. Widman may not hide behind the corporation to limit his own salary and/or income. We note that the Moncus court found that corporate earnings, rather than the salary which was actually drawn, was determinative of whether a spouse had sufficient income to pay alimony and child support requested. Under the facts of this case, insofar as the evidence shows that MEI operated at a loss in the year 1990, appellee's contention would support appellant's argument that the trial court has over-estimated Mr. Widman's monthly gross income. This is especially true in light of the fact that the 1990 tax return, entered into evidence, was prepared by Mrs. Widman, as bookkeeper for MEI. There has been no evidence presented to show that Mr. Widman was attempting to hide corporate assets or income and as such, we do not find the argument put forth by appellee compelling.
Mr. Widman's third assignment of error contends that the trial court erred in including private school tuition, in the amount of $707.00, into the child support award. LSA-R.S. 9:315.6, regarding educational expenses, states in pertinent part:
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
(1) Any expenses for attending a special or private elementary or secondary school to meet the particular educational needs of the child.
The trial court found that the Widman children have always attended private schools and that the Widmans were able to give their children special benefits, such as tutoring for one of the children with a learning disability. Based on this finding, the trial court found that it was in the best interest of the children to continue their private school education and added that amount under extraordinary expenses. Although the trial court determined that Mr. Widman's gross income was substantially higher than the determination of this court, we find no manifest error in the trial court's determination that, in the past, the family income has been sufficient to allow the Widman children to be in private school. Other than the obvious fact that supporting separate households requires more income, there was no evidence presented at trial as to a substantial decrease in Mr. Widman's gross income. As such, we affirm the trial court's inclusion of $707.00 as an extraordinary expense on the child support obligation worksheet. In light of the fact that the children have gone to private schools for many years and in light of the trial court's finding that the continuation of their education is in their best interest, we find no error in the trial's court ruling. See Corley v. Corley, 600 So.2d 908 (La.App. 4th Cir.1992).
Based on the above, the child support calculations, according the the Louisiana Child Support Guidelines, are as follows:

 Mrs. Widman Mr. Widman
Monthly gross $857.39 $2,245.00
Combined gross $3,102.39
Percentage share 0.28 0.72
Basic obligation $ 921.00
Extraordinary Expenses (education) $ 707.00
 _________
Total Child Support obligation $1,628.00
Obligation $455.84 $1,172.16

*638 Under these guidelines, Mr. Widman owes child support in accordance with the Louisiana Child Support Guidelines in the amount of $1,172.16 for the three (3) minor children domiciled with their mother.
In appellant's final contention, Mr. Widman alleges that the trial court erred in awarding $1,000.00 alimony pendente lite based upon the means and needs of the parties.
LSA-C.C. art. 111 regarding an award of alimony pendente lite, states as follows:
If the spouse has not a sufficient income for maintenance pending suit for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse.
The trial court found, in its reasons for judgment, that Mrs. Widman had demonstrated that she does not have sufficient income for maintenance pending this suit for divorce. Additionally, the trial court found that Mr. Widman does have the funds necessary for her support and awarded her $1,000.00 in alimony pendente lite per month.
The Second Circuit recently in Ridings v. Ridings, 595 So.2d 343, 344 (La.App. 2d Cir.1992), set forth the jurisprudence applied when ability to pay alimony pendente lite is at issue, as follows:
The general rule in awarding alimony pendente lite requires that the award be proportionate to the needs of the claimant spouse and the means of the other spouse. If the needs of the claimant exceed the ability of the other to pay, then alimony pendente lite should be fixed at a sum which will as nearly as possible be just and fair to all parties involved. Kaplan v. Kaplan, 453 So.2d 1218 (La.App. 2d Cir.1984), writ denied, 458 So.2d 484 (La.1984); Whatley v. Whatley, 430 So.2d 129 (La.App. 2d Cir. 1983).
This court has determined that Mr. Widman's monthly gross income is approximately $2,245.00. Out of this sum, he is required to meet his child support obligation of approximately $1,172.16, leaving him a balance of $1,072.84 from which to pay community and separate debts; federal and state income tax obligations; his own basic necessities such as food, medical expenses, and alimony pendente lite. The trial court determined that his alimony pendente lite obligation was $1,000.00 per month based on a gross monthly income of $3,750.00. Insofar as we have determined that his gross income is $2,245.00 per month, we will reduce his alimony pendente lite obligation to $325.00 per month which balances the equities between the parties.

DECREE
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant, FRANCIS GERALD WIDMAN, owes child support in accordance with the Louisiana Child Support Guidelines in the amount of ONE THOUSAND ONE HUNDRED SEVENTY-TWO AND 16/100 ($1,172.16) DOLLARS per month for the three minor children domiciled with plaintiff, JANET DUCUING WIDMAN.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that FRANCIS GERALD WIDMAN pay unto JANET DUCUING WIDMAN the sum of THREE HUNDRED TWENTY-FIVE AND NO/100 ($325.00) DOLLARS per month as alimony pendente lite.
The remainder of the trial court's judgment is affirmed.
Costs of this appeal and at trial to be divided equally between the parties.
AFFIRMED AS AMENDED, AND RENDERED.
NOTES
[1] Health insurance premiums$255.00; phone use$60.00; automobile use$400.00; land note$500.00; office rental maintenance expenses $440.00; totaling a reduction of $1,655.00 per month, plus the addition of $150.00 monthly for use of MEI's electricity for personal living purposes.