631 So.2d 689 (1994)
Janet Nancy Ducuing WIDMAN, Plaintiff-Appellee,
v.
Francis Gerald WIDMAN, Defendant-Appellant.
No. 93-613.
Court of Appeal of Louisiana, Third Circuit.
February 2, 1994.
*690 Anthony Jerome Fontana Jr., Abbeville, for Janet Nancy Ducuing Widman.
Francis Gerald Widman, pro se.
Before DOUCET and KNOLL, JJ., and CULPEPPER,[*] J. Pro Tem.
DOUCET, Judge.
On October 29, 1991, Janet Widman filed for divorce pursuant to La.C.C. art. 102. In her petition, Mrs. Widman requested custody of three minor children of the marriage, child support, and alimony pendente lite. Following the hearing, the trial court rendered judgment on May 29, 1992, ordering Frank Widman to pay child support in the monthly amount of $1,829.79, and alimony pendente lite in the monthly amount of $1,000.00. Mr. Widman appealed. On May 5, 1993, this court ruled the trial court erred and reduced Mr. Widman's alimony and child support payments under the terms of the October 1991 judgment. Widman v. Widman, 619 So.2d 632 (La.App. 3 Cir.1993).
Prior to our decision reducing Mr. Widman's obligations, both parties filed motions while the appeal of the judgment was pending. Mrs. Widman filed a contempt rule seeking arrearages under the original support judgment, and Mr. Widman filed a rule to decrease his child support and alimony payments. After hearing, a judgment was rendered on January 8, 1993. From this judgment, Mr. Widman appeals.
Defendant-Appellant, Mr. Widman, asserts the trial court erred in reinstating its child support award of $1,829.79 assessed at the original hearing, which was improperly calculated. Mr. Widman urges that this court reinstate the child support award contained in its ruling dated May 5, 1993. Plaintiff-appellee, Mrs. Widman, agrees with this request.
The issue of the correctness of the amount of child support awarded was before us in Widman v. Widman, supra. In that case, Mr. Widman successfully argued the trial court erred in determining and computing his monthly gross income for purposes of determining his child support payment, and erred in the calculation of the basic child support obligation.
Having rendered a decision on this issue in an earlier appeal in this same suit, we find "the law of the case" doctrine is applicable in reviewing the correctness of the trial judge's award of child support. The applicability and purpose of this principle is enunciated in the Louisiana Supreme Court case of Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81 (La.1973), as follows:
The law of the case principle relates to (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue.
Nevertheless, the law of the case principle is applied merely as a discretionary guide: Argument is barred where there is merely doubt as to the correctness of the former ruling, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice.
(emphasis our own) (citations omitted) *691 Id. at 83. See also Naquin v. Air Engineered Systems & Services, 463 So.2d 992 (La.App. 3 Cir)., writ denied, 465 So.2d 735 (La.1985).
After reviewing the merits of this case, we cannot say the previous decision of this court requiring Mr. Widman to pay $1,172.16 in child support is palpably or manifestly erroneous. Thus, we decline to consider the issue again. Accordingly, the child support award made in the earlier appeal on May 5, 1993 is reinstated. The appellate court failed to state the effective date of the new award. However, where it is not otherwise stated, the modified support is governed by La.R.S. 9:310. Accordingly, the award is retroactive to the filing date of the petition. Hogan v. Hogan, 549 So.2d 267 (La.1989), and Martinez v. Martinez, 602 So.2d 725 (La.App. 4 Cir.), writs denied, 605 So.2d 1129 and 605 So.2d 1130 (La.1992).
Mr. Widman next asserts the trial court's permanent alimony award to Mrs. Widman in the monthly amount of $500.00 is excessive. He urges that the trial court improperly considered items in Mrs. Widman's claimed expenses. Mr. Widman also argues that since this court awarded Mrs. Widman alimony pendente lite in the monthly amount of $325.00, the award of permanent alimony should be less than $325.00. La.C.C. art. 112 provides, in pertinent part:
A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse.
(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse's earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
Jurisprudential principles regarding the review of a permanent alimony award, aptly stated in Vernotzy v. Vernotzy, 591 So.2d 1293 (La.App. 3 Cir.1991), are as follows:
In awarding permanent alimony, it is necessary for the trial court to examine the totality of the circumstances in light of the factors enunciated in the Civil Code. Slayter v. Slayter, 576 So.2d 1121 (La.App. 3rd Cir.1991). The principal factor to be considered is the relative financial positions of the parties. Lopez v. Breaux, 462 So.2d 1333 (La.App. 3rd Cir.1985).
Maintenance includes food, clothing, shelter, reasonable and necessary transportation expenses, utility expenses, medical and drug expenses, household expenses, professional dues, home and health insurance policies, telephone expenses, personal items, and income tax liability generated by the alimony payments. A trial court's determination of permanent alimony will not be disturbed on appeal unless its ruling is manifestly erroneous. Slayter, supra.
The record reveals that, during their marriage, the Widmans formed Measurement Electronics, Inc. (MEI). Mr. Widman administers the corporation's business affairs. There was no evidence presented indicating the value of the community property. This court previously determined Mr. Widman's monthly income is approximately $2,245.00. His monthly child support obligation *692 is $1,172.16. Until February 1992, Mrs. Widman performed MEI's bookkeeping services and earned approximately $850.00 monthly. The evidence establishes that Mrs. Widman is a high school graduate with clerical and bookkeeping skills. She is presently unemployed. Eight children were born of the marriage. Mrs. Widman is the domiciliary parent of the three remaining minor children. Mrs. Widman's affidavit of monthly income and expenses reveals some $800.00 per month in allowable expenses and approximately $180.00 in income.
Having considered Mr. Widman's contentions in light of the totality of the circumstances and the factors enunciated in the Civil Code, we find the $500.00 per month alimony awarded to Mrs. Widman within the trial court's much discretion.
Mr. Widman further asserts the trial court erred in computing the amount of arrearages due. Mr. Widman first contends the trial court erred when it made the effective date of the support payments retroactive to the date of the filing of the petition seeking support. He contends that at the hearing in which the support award was originally determined, Mrs. Widman stipulated she was seeking support only from the hearing date. The May 1992 judgment providing for the support awards governs the retroactivity issue. LSA-R.S. 9:310 makes a support award retroactive to the filing date unless the court finds good cause for not making it retroactive. After carefully reviewing the evidence in the record, we find no evidence to indicate Mrs. Widman reached an agreement with Mr. Widman to waive any rights to her support award. See Czech v. Earley, 573 So.2d 252 (La.App. 3 Cir.1990). Thus, we find the trial court correctly awarded arrearages retroactive to the date of judicial demand. Accordingly, Mr. Widman owes support from October 29, 1991, to the close of the evidence (July 30, 1992).
Mr. Widman also contends the trial court improperly excluded payments he made to Mrs. Widman for support resulting in erroneous computation of arrearages. The judgment is silent as to how the trial court determined the sum Mr. Widman is entitled to be credited for payments made against his liability under the order. The judgment also does not specifically state what sum he was ultimately credited. However, the trial court awarded arrearages to Mrs. Widman based on the calculations she presented. The evidence contained in the record shows her calculations contain a setoff against support of $9,183.99.
The burden of proving a set-off against alimony or support payments is on the party asserting the set-off. Vallaire v. Vallaire, 433 So.2d 315 (La.App. 1st Cir. 1983); Lynch v. Lynch, 422 So.2d 703 (La. App. 3rd Cir.1982). Additionally, the trial judge is given great discretion in either granting or modifying awards of alimony and child support. His judgment will not be set aside or amended unless a clear abuse of discretion is shown. McCloud v. McCloud, 544 So.2d 764 (La.App. 3rd Cir. 1989); Daigre v. Daigre, 527 So.2d 9 (La. App. 3rd Cir.1988).
Hawkins v. Hawkins, 592 So.2d 843, 851 (La.App. 3 Cir.1991).
Mr. Widman's CPA testified as an expert witness in his behalf. The CPA determined, based on the documentation provided to him by Mr. Widman, that Mr. Widman had paid $13,610.62 to Mrs. Widman. The CPA additionally testified that he reviewed the computations prepared and entered into the record by Mrs. Widman and stated there were certain checks paid out of the corporate account and checks paid out of Mr. Widman's personal account which Mrs. Widman did not include in her computations. On rebuttal, Mrs. Widman testified the designated checks were, in fact, included in her computations. Mr. Widman could have easily carried his burden of proof by entering the cancelled checks written to Mrs. Widman into the record. He did not do this. Therefore, the trial court did not err in accepting the testimony of Mrs. Widman.
Considering the reduction of support granted by this court in the earlier appeal, the computation of arrearages appealed from is now in error. This court has ruled the combined monthly child support and alimony pendente lite shall be $1,497.16. Widman v. Widman, supra. In recomputing the *693 amount of arrearages, we find Mr. Widman owes $1,497.16 monthly from October 1991 to July 30, 1992, or approximately $13,474.44. Further, for reasons stated above, Mr. Widman is entitled to a set-off of $9,183.99. Consequently, the amount of support payable by Mr. Widman is $4,290.45.
Finally, Mr. Widman asserts that it was error for the trial court to hold him in contempt of court and assess him with court costs. First, he contends he has overpaid the support amount actually owed, and thus did not disobey the order. Secondly, Mr. Widman avers he could not afford to make the payments and therefore, did not deliberately violate the court's original support order.
The trial court, in its written reasons for judgment, reasoned Mr. Widman's assertions that he was unable to pay the sums were not credible. The court found him in contempt and suspended sentence conditioned upon him meeting his monthly obligations.
La.C.C.P. art. 224 provides in pertinent part.
Any of the following acts constitutes a constructive contempt of court:
* * * * * *
(2) Wilful disobedience of any lawful judgement, order, mandate, writ, or process of the court ...;
Wilful disobedience is an act or failure to act that is done intentionally, knowingly and purposefully, without justification. A trial court is vested with great discretion in determining whether a person is to be held in contempt for wilful disobedience of a trial court judgment. Kirby v. Kirby, 579 So.2d 508, 519 (La. App. 4th Cir.1991), writ denied 582 So.2d 1308 (La.1991); Tschirn v. Tschirn, 434 So.2d 113 (La.App. 5th Cir.1983).
Bruzeau v. Bruzeau, 589 So.2d 499, 501 (La. App. 5 Cir.1991), writ denied, 592 So.2d 415 (La.1992).
We find the trial court abused its discretion on this issue. After the original support judgment was rendered, Mr. Widman appealed. He also filed a rule to reduce support in response to Mrs. Widman's rule for contempt. In the earlier appeal this court found the trial court's estimate of $3,750.00 per month for Mr. Widman's gross income was incorrect. The appellate court determined $2,245.00 was a more realistic amount. In light of this finding, the facts show Mr. Widman did not wilfully disobey the court's order. For the same reasons, Mrs. Widman is not entitled to recover attorney's fees pursuant to La.R.S. 9:375.
Accordingly, the trial court's judgment is amended to reflect that Mr. Widman owes child support for the three minor children domiciled with Mrs. Widman in the amount of $1,172.16. It is further amended to reflect that Mr. Widman owes child support and alimony arrearages in the amount of $4,290.45. The trial court's judgment finding Mr. Widman in contempt, and assessing court costs and attorney's fees is reversed. The trial court judgment is affirmed in all other respects. Costs of this appeal and trial are to be divided equally between the parties.
AFFIRMED AS AMENDED, REVERSED, AND RENDERED.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.