985 So.2d 786 (2008)
Tabitha Duet OLA
v.
Paul Patrick OLA.
No. 2007 CA 0667.
Court of Appeal of Louisiana, First Circuit.
April 16, 2008.
*787 Joan M. Malbrough, Malbrough & Lirette, Houma, LA, for Plaintiff-Appellee, Tabitha Duet Ola.
Jerri G. Smitko, Houma, LA, for Defendant-Appellant, Paul Patrick Ola.
Before PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
Paul Patrick Ola appeals a judgment ordering him to pay his former spouse, Tabitha Duet Ola, child support for their two minor children, and a judgment denying in part his motion for new trial. We affirm the judgments.

FACTUAL AND PROCEDURAL BACKGROUND
Paul Patrick Ola and Tabitha Duet Ola were married on September 2, 1988, and had two children: Crystal Marie Ola, born December 3, 1994, and Magen Renee Ola, born August 23, 1996. Mrs. Ola filed a petition for divorce on October 31, 2005; Mr. Ola filed an answer and reconventional demand, also seeking a judgment of divorce. In those pleadings, both parties also asked the court to order child support to be paid in accordance with LSA-R.S. 9:315, et seq., for the support and maintenance of the minor children of the marriage. A judgment of divorce was rendered and signed on June 27, 2006. On August 2, 2006, a judgment granted the parties joint custody of the minor children, with the mother designated the primary domiciliary parent and the father receiving "reasonable visitation privileges" in accord with a fixed schedule.[1]
A hearing was held on August 21, 2006, on the issues of child support and interim periodic spousal support. A judgment was rendered that day and signed August 25, 2006, ordering Mr. Ola to pay Mrs. Ola child support in the amount of $1,659 per month for the support and maintenance of the minor children, "retroactively to October 31, 2006."[2] He was also ordered to maintain a policy of medical insurance on the children and to pay 92.46% of their extraordinary medical expenses. He filed a motion for new trial, which was granted as to the issue of giving him credit for the amount of health insurance premiums actually paid by him for the children's coverage, but which was denied as to the issue of including the employer-paid health insurance premiums in his gross income. The new trial date was set for October 30, 2006. Mr. Ola appealed the judgment rendered August 21, 2006, along with the implicit partial denial of his motion for new trial rendered on October 9, 2006. No new trial was held, but the parties entered into a consent judgment on October 30, 2006, reducing his child support to $1,637 per month, and reserving to him "his right to appeal other issues in this matter raised in *788 the motion for new trial filed by Paul Patrick Ola on September 7, 2006." Accordingly, the August 25, 2006 judgment being appealed appears to be a final, appealable judgment.

DISCUSSION
In his only assignment of error, Mr. Ola asserts that in calculating his gross income for determining his child support obligation, the trial court erred by adding to his gross income the amounts paid as premiums by his employer for health insurance coverage and by denying his motion for a new trial on that issue. The relevant portions of LSA-R.S. 9:315(C)(3) define "gross income" as:
(a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, recurring monetary gifts, annuities, capital gains, social security benefits, workers' compensation benefits, basic and variable allowances for housing and subsistence from military pay and benefits, unemployment insurance benefits, disaster unemployment assistance received from the United States Department of Labor, disability insurance benefits, and spousal support received from a preexisting spousal support obligation;
(b) Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business, if the reimbursements or payments are significant and reduce the parent's personal living expenses. Such payments include but are not limited to a company car, free housing, or reimbursed meals[.]
In oral reasons for judgment, the court stated:
Turning to the determination of the gross income of Mr. Paul Ola, the most recent documentation presented to the Court concerning Mr. Ola's income is his 2006 year to date pay stub through April 15, 2006, which reflects a gross income of $38,288.56 for a three and one-half month time period. That would indicate that he has a gross monthly income of $10,940 per month.
Counsel for Mr. Ola has argued that the Court should not include as part of his gross income the contributions by his employer to medical insurance provided for Mr. Ola and his family. The Court believes that those contributions would fall within the definition of income.
Therefore, the Court determines that Mr. Ola's gross income is $10,940 each month. There's no evidence of any preexisting child support or spousal support obligation. Therefore, the Court determines that Mr. Ola's adjusted monthly gross income is $10,940 each month.
The Louisiana Supreme Court noted that the definition of "gross income" in LSA-R.S. 9:315(C)(3)[3] does not limit income merely to the type of compensation listed, but instead, through the use of the words "but not limited to ...," includes any compensation for services. State, Dep't of Soc. Serv. ex rel. D.F. v. L.T., 05-1965 (La.7/6/06), 934 So.2d 687, 691. During oral arguments in the Ola case, the trial court commented several times concerning the economic benefit to Mr. Ola of the health insurance premiums paid by his employer, Entergy Operations, Inc. At one point, the court stated, "But for the fact that Entergy is paying that, then Mr. Ola *789 would have to pay it." Eventually Mr. Ola's counsel admitted that "[i]t is an economic benefit to Mr. Ola," but argued that it still was not "income," because he never actually got this money, even though it was shown on his pay stub. Mrs. Ola's attorney responded that the payment of those premiums by Mr. Ola's employer fits the definition of "gross income" in LSA-R.S. 9:315(C)(3)(b), which includes any expense reimbursement or in-kind payment received by a parent in the course of employment, if those payments are significant and reduce the parent's personal living expenses. Her attorney argued:
And that is exactly what happens with Mr. Ola's health insurance benefits. The company pays them, but they reduce his personal living expenses because he doesn't have to pay them. So that's why it should be  that should be included as part of his gross income.
Obviously, the court agreed with this argument.
The Third Circuit case of Widman v. Widman, 619 So.2d 632 (La.App. 3rd Cir. 1993) was cited by Mr. Ola in support of his position. In that case, the court refused to include the employer's payment of health insurance premiums in Mr. Widman's gross income. However, as the district court noted in this case:
On that issue, that's not a First Circuit case. That's not a Supreme Court case. At most that can be is persuasive and I have to disagree with you. That is as good as giving Mr. Ola $5,000 a year and saying go buy your insurance. So, with all cue respect to that Circuit Court's opinion, I disagree with it because the statute says any source of income and then gives you all these examples. But that's not an exclusive listing, it's an illustrative listing.... So I'm afraid I still have the same opinion that if his employer is paying him something, that's income.
We agree with the reasoning of the district court and respectfully disagree with the Third Circuit on this issue. The definition of "gross income" includes "income from any source," not limited to the examples given. An employer's contribution to an employee's health insurance premiums for the employee and the employee's children relieves that employee from expending his or her own funds for that purpose and reduces "the parent's personal living expenses." See LSA-R.S. 9:315(C)(3)(b); see also LSA-R.S 9:315(C)(5)(c) regarding "expense-sharing."[4] In addition, such premiums are not excluded from the definition of "gross income" in LSA-R.S. 9:315(C)(3)(d). Accordingly, the amount of the employer's portion of those insurance premium payments are part of the employee's gross income.
Mrs. Ola contends, however, that the definition of "health insurance premiums" in LSA-R.S. 9:315(C)(4) mandates the contrary. That statute provides:
"Health insurance premiums" means the actual amount paid by a party for providing health insurance on behalf of the child. It does not include any amount paid by an employer or any amounts paid for coverage of any other persons. If more than one dependent is covered by health insurance which is paid through a lump-sum dependent-coverage premium, and not all of such dependents are the subject of the guidelines calculation, the cost of the coverage shall be prorated among the dependents *790 covered before being applied to the guidelines.
This definition, however, is not in the portion of the statute defining what is or is not to be included in "gross income"; that information is all in LSA-R.S. 9:315(C)(3). Rather, the definition of "health insurance premiums" is in LSA-R.S. 9:315(C)(4), which does not deal with income, but discusses only the cost of such premiums, as such cost relates to dependents who are the subject of the guidelines' calculation. Therefore, although the employee receives "income" from the employer's payment of premiums that benefit his children, it is only the employee's direct cost of such premiums that is to be included in the calculation of the total child support obligation. See LSA-R.S. 9:315.4 and 315.8.
This becomes clear when reviewing the worksheets in LSA-R.S. 9:315.20 for calculation of the total child support obligation. Each worksheet includes a section in which the child's health insurance premium cost is to be added to the basic child support obligation. Then, after each parent's proportionate share of the total child support obligation has been calculated, any direct payments made by the non-domiciliary parent on behalf of the child for, among other things, health insurance premiums, are to be deducted from that parent's child support obligation. It is in computing that deduction for the premium cost that "any amount paid by an employer" is not to be included, but only "the actual amount paid by a party for providing health insurance on behalf of the child" is to be included. See LSA-R.S. 9:315(C)(4).
The record shows that after the trial, the court correctly included in gross income the employer's payments to Mr. Ola for his and the children's health insurance premiums. Then, after the court granted in part the motion for new trial, the parties entered into a consent judgment in which a deduction was made for Mr. Ola's direct cost of such premiums on behalf of his children. This procedure was correct. Therefore, the court did not err in its judgment signed on August 25, 2006, or in the implicit partial denial of Mr. Ola's motion for new trial signed on October 18, 2006.

DECREE
The judgment signed on August 25, 2006, along with the partial denial of Mr. Ola's motion for new trial signed on October 18, 2006, are affirmed.[5] All costs of this appeal are assessed to Mr. Ola.
AFFIRMED.
DOWNING, J. dissents and assigns reasons.
DOWNING, J.
I respectfully dissent. Three unwarranted anomalies flow from the majority's misapplication of the law. First, when a trial court now orders a party to maintain a child in a health insurance plan pursuant to La. R.S. 9:315.4, it also orders de facto an increase in his or her child support obligation, even though he or she sees not one dime more in his income. Second, the term "health insurance premium" now has two opposing meanings within the same calculation for child support. The result is that a party is now charged with income for premium payments paid by the employer, but is not credited on the calculation side for the full payment. Third, even though both parties benefit from the employer's *791 contribution, one party is penalized for having an enlightened employer. These results are unwarranted by the law.
Louisiana Revised Statutes 9:315(C)(4) defines "health insurance premiums" to include only the actual amount paid by a party for providing health insurance for his children. The definition specifically excludes any amount paid by an employer. This section provides as follows:
C. Definitions. As used in this Part[1]:
(4) "Health insurance premiums" means the actual amount paid by a party for providing health insurance on behalf of the child. It does not include any amount paid by an employer or any amounts paid for coverage of any other persons. If more than one dependent is covered by health insurance which is paid through a lump-sum dependent-coverage premium, and not all of such dependents are the subject of the guidelines calculation, the cost of the coverage shall be prorated among the dependents covered before being applied to the guidelines.
Interpreting this same definition, the Third Circuit in Widman v. Widman, 619 So.2d 632, 635 (La.App. 3rd Cir.1993) concluded that the employer-paid portions of health insurance premiums are excluded from the child support calculation, as follows: "It is clear, from the above, that the health insurance premiums which shall be added to the basic child support obligation, on the statutory worksheet, do not include any amount paid by an employer or any amount paid for coverage of any other persons."[2] I agree with the Third Circuit in this regard. By the terms of La. R.S. 9:315C, this definition applies to the entire Part construing child support.
Louisiana Revised Statutes 9:315C also contains the definitions of "gross income" and "income." Particularly, La. R.S. 9:315(C)(1) includes "income from any source" in the definition of "gross income." Ms. Ola argues that employer-paid health care insurance premiums are included within this definition.
Louisiana Civil Code art. 13 provides that laws on the same subject matter must be interpreted in reference to each other. "However, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." Pumphrey v. City of New Orleans, 05-0979, pp. 11-12 (La.4/4/06), 925 So.2d 1202, 1210. Here, La. R.S. 9:315(C)(4) specifically defines health insurance premiums for purposes of child support determinations to include only the portion paid by the employee and to exclude any portion paid by the employer. Accordingly, employer paid portions of health insurance premiums should not be included in gross income for purposes of determining a party's child support obligation.
The majority makes much of the fact that Mr. Ola is benefitting from the employer payments towards his children's health insurance premiums. It ignores the fact that Ms. Ola is also benefitting. Both parties would be otherwise obligated to pay their proportionate share of health insurance for their children but for his employer's payment, which amount Mr. Ola would not realize as income if the children were not insured.
*792 Further, as the majority notes, on the child support calculation worksheet in La. R.S. 9:315.20, direct child support payments are to be deducted from a parent's child support obligation. Under the majority's analysis, the employer's portion of child support is income to the employee. The employee's income pays the insurance premium. Accordingly, here, Mr. Ola should be given full credit. His income includes "the actual amount paid ... for providing health insurance on behalf of the child." See La. R.S. 9:315(C)(4). By deduction from the majority's reasoning, Mr. Ola, not his employer, actually paid the premium, whether Mr. Ola or his employer actually wrote the check to pay the premium.
Indisputably, without the definition of "health insurance premiums" provided by La. R.S. 9:315(C)(4), the employer's contribution would clearly be income to Mr. Ola. But without the definition, Mr. Ola would also get full credit for payments made from his income. The definition does not take two meanings within one child support calculation. The Third Circuit's reasoning in Widman v. Widman, set forth above, is compelling and correct.
For these reasons, I dissent. I would reverse the judgment of the trial court.
NOTES
[1] Although many joint custody judgments continue to refer to "reasonable visitation privileges" for the parent who is not designated as the domiciliary parent, a more accurate term is "physical custody." See LSA-R.S. 9:335(A)(2)(a) and (b) and (B)(2).
[2] This date is obviously a typographical error, since the original petition for divorce was filed on October 31, 2005, and this would be the correct date for child support payments to begin. See LSA-R.S. 9:315.21. The transcript of the hearing and the minute entry state the correct date, October 31, 2005, for the retroactive payment of child support. However, since neither party addressed this mistake on appeal, this court cannot amend the final judgment. See LSA-CCP. art. 1951.
[3] This definition was formerly in subsection (C)(4) and was referred to as such in the supreme court's opinion.
[4] LSA-R.S. 9:315(C)(5) defines "income" as "(a) Actual gross income of a party, if the party is employed to full capacity; or ... (c)... the benefits a party derives from expense-sharing or other sources...."
[5] The consent judgment, which apparently credited Mr. Ola with the amount of his direct payments for the health insurance premiums of his children, was not appealed. However, we note that the consent judgment modified the judgment of August 25, 2006, and this decree does not affect the consent judgment.
[1] This definition is found within Part I-A of Louisiana Civil Code Book I, Title V. Part I-A deals specifically with child support issues.
[2] The statute at issue has been re-numbered. At the time Widman was decided, this definition was found in La. R.S. 9:315(5). The text is unchanged.