NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-187


SALVADOR COSCARART

VERSUS

GINA LOUISE BEAUGH COSCARART


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 08-C-0208-B
HONORABLE A. GERARD CASWELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


DAVID KENT SAVOIE
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, John E. Conery, and David Kent Savoie, Judges.


AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.

**Jack Derrick Miller**
**Nicole B. Breaux**
**Attorney at Law**
**415 N. Parkerson Ave.**
**Crowley, LA 70527-1650**
**(337) 788-0786**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Gina Louise Beaugh Coscarart**

**Randall M. Guidry**
**Durio, McGoffin, Stagg & Ackerman**
**P.O. Box 51308**
**Lafayette, LA 70505**
**(337) 233-0300**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Salvador Coscarart**

**SAVOIE, Judge.**

Gina Louise Beaugh Coscarart (appellant) appeals the ruling of the trial court wherein it failed to find Salvador Coscarart (appellee) in contempt of court due to his failure to pay spousal support. She also appeals the trial court's decision to deny her attorney's fees and courts costs in connection with her Rule for Contempt. For the following reasons, we affirm in part and reverse in part.

On October 31, 2013, a judgment was signed awarding Gina nine hundred dollars per month in spousal support, retroactive to June 15, 2012. This ruling was appealed by Salvador.[1] Gina filed a Rule for Contempt on February 21, 2014, alleging that, as of the date of the filing, Salvador had not paid any of the spousal support owed as ordered by the judgment. She requested that he be found in contempt and that he be ordered to pay both her courts costs and attorney's fees in connection with the Rule for Contempt. The matter was heard on September 22, 2014.

At the hearing, Salvador stated that he did not pay the spousal support ordered because the decision was on appeal. However, he did begin making payments in May 2014, after the hearing officer conference on the rule for contempt, when he realized he could be jailed for non-payment.

At the conclusion of the hearing, the trial court found in favor of Gina and cast judgment against Salvador for twenty thousand seven hundred dollars ($20,700.00), representing the amount in arrearages through September 30, 2014. The trial court did not find him to be in contempt of court and refused to order

---

[1] This court rendered a ruling on June 18, 2014, in the matter of *Coscarart v. Coscarart*, 14-84 (La.App. 3 Cir. 6/18/14) (unpublished opinion) affirming the trial court's decision.

attorney's fees. The trial court split the costs relative to the rule equally between the parties. Appellant now appeals.

Initially, we will point out that, while appellant lists as an issue for appeal the denial of the rule for contempt, she gives brief mention of it in her brief. Similarly, we will not dwell on the issue. Finding a litigant in contempt of court is within the trial court's great discretion, and we do not find that the trial court abused that discretion. *Widman v. Widman*, 93-613 (La.App. 3 Cir. 2/2/94), 631 So.2d 689.

We now turn our attention to the issue of attorney's fees and court costs. Louisiana Revised Statutes 9:375(A) provides in pertinent part:

> When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory past-due installments under an award for contributions made by a spouse to the other spouse's education or training, it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.

While the judgment in this matter is silent on the issue of "good cause," we will assume the trial court found that "good cause" was shown based on its denial of the attorney's fees and court costs requested by appellant. "The trial court is vested with discretion in determining whether attorney's fees should be awarded when it renders executory a judgment incorporating alimony arrearages." *Hawkins v. Hawkins*, 592 So.2d 843, 851 (La.App. 3 Cir. 1991).

Similarly, in *Hawkins*, the trial court did not find the defendant to be in contempt of court and found "good cause" shown by the defendant for failure to pay the alimony support in arrearages. As a result, the trial court denied the request for attorney's fees and court costs. "The trial court held that defendant showed good cause for nonpayment: confusion over the amount owed, a belief

2

that he had substantially overpaid at times, the effect of the injunction prohibiting disbursement of community funds, and the cyclical, fluctuating nature of the oil industry." *Id.* However, this court disagreed. In overturning the trial court's ruling, this court stated, "The reasons relied upon by the trial court are not sufficient to constitute 'good cause' when one considers that [defendant's] net arrearages exceeded $30,000.00. No amount of confusion or misunderstanding can substantiate such a gross underpayment of alimony." *Id.* at 852.

In the present case, it was established that the appellee was substantially past due in his spousal support obligation. The trial court ruled that the appellant's past-due spousal support obligation was twenty thousand seven hundred dollars ($20,700). Moreover, it was necessary for the appellant to bring the rule for arrearages in order to obtain a judgment for the past due amounts. The appellee refused to pay the amount owed until the hearing officer suggested that he may be arrested for non-payment. Even then, he only paid the monthly spousal support going forward and did not attempt to pay any of the monies owed in arrearages.

"Good cause" for non-payment, as required by La.R.S. 9:375, was not shown in this case. Accordingly, we find the appellant is entitled to attorney's fees and costs associated with filing the rule for arrearages, as well as additional attorney's fees and costs for filing this appeal in the amount of $7,500.00.

## DECREE

For the foregoing reasons, we affirm that portion of the trial court's judgment rejecting the request of Gina Louise Beaugh Coscarart that Salvador Coscarart be held in contempt of court; reverse that portion of the trial court's judgment rejecting Mrs. Coscarart's request for an award of attorney fees and dividing the costs of the trial proceedings equally between the litigants; and render

3

judgment awarding Mrs. Coscarart $5,000.00 in attorney fees for work performed by her counsel in the trial court proceedings, awarding Mrs. Coscarart $2,500.00 in attorney fees for work performed by her counsel on appeal, and assessing all costs of court at the trial court level to Salvador Coscarart. Additionally we assess all costs of this appeal to Salvador Coscarart.

**AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.